UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AUSTRALIAN GOLD, LLC, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:09-cv-00095-LJM-DML |
| ) | |
| RALEY'S, INC., JOHNNY RALEY and THE ) | |
| ESTATE OF FLOYD L. RALEY, ) | |
| Defendants. ) | |

## ORDER ON MOTION TO DISMISS

This matter comes before the Court on defendants', Johnny Raley ("Raley" or "Johnny Raley") and the Estate of Floyd L. Raley (the "Estate"), Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff, Australian Gold, LLC ("Australian Gold"), initiated this action alleging breach of a distributorship agreement. On October 29, 2009, the parties informed the Court that the "Estate" and defendant, Raley's, Inc., will enter into confessions of judgment. Accordingly, the Estate's Motion to Dismiss is **DENIED AS MOOT**.

The resolution of Raley's Motion requires only a brief recitation of the facts alleged in the Complaint, which the Court assumes are true. *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d. 614, 618 (7th Cir. 2007). On September 27, 2006, Raley's, Inc., by then President and Owner Floyd Raley, entered into a Distributorship Agreement with Australian Gold. Compl. Ex. A. Floyd Raley signed the Distributorship Agreement both as President of Raley's, Inc. and in his individual capacity. Johnny Raley did not sign the Distributorship Agreement. Compl. Ex. A. In this action, Australian Gold asserts that Raley's, Inc. breached the Distributorship Agreement when Raley's sold Australian Gold's products to customer's on a "Do Not Sell List." Compl. ¶ 34. Australian Gold asserts that

Raley,'s Inc., the Estate, and Johnny Raley are jointly and severally liable for the damages that resulted from this breach.  *Id.* ¶ 47.

As to Johnny Raley, the Complaint alleges only the following facts:

> 14.   Johnny Raley is an owner and officer of Raley's and has continued to accept the benefits of the Distributorship Agreement since the death of Floyd Raley; thus Johnny Raley is individually bound by the Distributorship Agreement.
>
> 25.   On February 18, 2008, Floyd Raley died and Johnny Raley assumed full control over Raley's[, Inc].
>
> 47.   [As a result of Raley's, Inc.'s breach of the Distributorship Agreement,] Johnny Raley . . . [is] liable to Australian Gold for Breach of the Distributorship Agreement . . . .

Compl. ¶¶ 14, 25, and 47.

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but a plaintiff's complaint may not merely state "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Rather, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" not when the plaintiff only raises a "sheer possibility that the defendant has acted unlawfully."  *Id.*

"[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Brooks*, 578 F.3d at 581 (internal quotation marks omitted). "[T]he height of the pleading requirement is relative to the circumstances[,]" *Cooney v. Rossiter*, No. 08-3675, 2009 WL 3103998, at *3 (7th Cir. Sep. 30, 2009), and "[d]etermining the plausibility of a claim is a context-specific task that requires [the Court] to draw on [its] judicial experience and common sense." *Brown v. JP Morgan Chase Bank*, No. 08-1890, 2009 WL 1761101, at * 1 (7th Cir. June 23, 2009).

In its Complaint, Australian Gold failed to allege sufficient facts to raise its breach of contract claim against Raley above the speculative level. It is undisputed that Raley did not sign the distributorship agreement. Compl. Ex. A. Australian Gold asserts that the validity and enforceability of the Distributorship Agreement do not depend on Raley's signature. Rather, Australian Gold asserts that Raley assented to the contract through his actions. However, although a party need not necessarily sign a written agreement to be a party to that agreement, under either Indiana or Tennessee law,[1] Australian Gold must nevertheless allege sufficient facts to establish that Johnny Raley assented to the terms of the Distributorship Agreement. *See Indiana Bureau of Motor Vehicles v. Ash, Inc.*, 895 N.E.2d 359, 366 (Ind. Ct. App. 2008) ("[Although] the validity of a contract is not dependent upon the signature of the parties, . . . some form of assent to the terms of the contract is necessary. Assent may be expressed by acts which manifest acceptance."); *Tennessee Div. of United*

---

[1] Although the Distributorship Agreement provides that its terms and provisions shall be interpreted consistent with Indiana law, the parties have not discussed whether Indiana or Tennessee law applies to whether the Distributorship Agreement is enforceable against Raley. However, the Court need not perform a choice of law analysis because Indiana law and Tennessee law do not differ on this issue.

*Daughters of the Confederacy v. Vanderbilt University*, 174 S.W.3d 98, 116 (Tenn. Ct. App. 2005) (Where a written contract is not signed by all the parties, "[t]he critical factor is whether there was mutual assent to be bound by the contract."); Fed. R. Civ. P. 8(a).

Here, the Complaint fails to provide any acts by Raley that manifested his intent to be bound by the terms of the Distributorship Agreement. Rather, the Complaint merely alleges that, after Floyd Raley's death, Johnny Raley "assumed full control" over Raley's, Inc. and "accept[ed] the benefits of the Distributorship Agreement . . . ." Compl. ¶¶ 14, 25. However, these allegations are nothing more than "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Therefore, the Court concludes that the Complaint's factual allegations are insufficient to support the claim that Raley intended to be bound by the terms of the Distributorship Agreement. Without such a manifestation of intent, the Distributorship Agreement is not enforceable against Raley. *See Ash, Inc.*, 895 N.E.2d at 366; *United Daughters of the Confederacy*, 174 S.W.3d at 116. Accordingly, Johnny Raley's Motion to Dismiss is **GRANTED**. Fed. R. Civ. P. 12(b)(6).

IT IS SO ORDERED this 13th day of November, 2009.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distribution to:

Scott D. Matthews
NEW SUNSHINE LLC
scott.matthews@newsunshinellc.com

Mark Shafer O'Hara
HOSTETTER & O'HARA
mark@hostetter-ohara.com